**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Leopoldo Navarrette CANEDO,
Defendant—Appellant.**

No. 03–50311.

D.C. No. CR–03–00346–NAJ.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 19, 2004.*

Submission Deferred Aug. 25, 2004.

Resubmitted Jan. 12, 2005.

Decided July 25, 2005.

Randy K. Jones, USSD—Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Vincent J. Brunkow, FDSD—Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Before SKOPIL, FARRIS, and BOOCHEVER, Circuit Judges.

### MEMORANDUM**

Defendant Leopoldo Navarrette Canedo appeals his sentence of 18 months imprisonment and three years of supervised relief for alien smuggling in violation of 8 U.S.C. § 1324(a)(2)(B)(iii). We deferred submission of his appeal pending the Supreme Court's decision in *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) and our en banc decision in *United States v. Ameline*, 409 F.3d 1073 (9th Cir.2005).

Canedo argues that the district court should have applied a clear and convincing evidence burden of proof to the facts enhancing his sentence for intentionally or recklessly creating a substantial risk of death or serious bodily injury. Because of that enhancement, Canedo's eighteen-month sentence was six months longer than the maximum otherwise applicable, and he was sentenced to three years supervised release although no supervised release could have been imposed under the maximum sentence.

Canedo did not raise the issue whether this violated his Sixth Amendment right to trial. We therefore remand for further proceedings in light of *Booker* and *Ameline*. *See Ameline*, 409 F.3d at 1078–79, 1086 (remanding to district court to answer whether sentence would have been different if district court had known that Sentencing Guidelines were advisory).

REMANDED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.